# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.S., S.C., A.C., and K.S.**

**No. 13-0417** (Nicholas County 12-JA-68 through 12-JA-71)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Laura Spadaro, and Petitioner Father, by counsel Kevin Hughart, jointly appeal the Circuit Court of Nicholas County's March 25, 2013, order terminating their parental and custodial rights to J.S., S.C., A.C., and K.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Walters, filed its response in support of the circuit court's order. The guardian ad litem, Julia Callaghan, filed a response on behalf of the children also supporting the circuit court's order. On appeal, petitioners argue that the circuit court erred in not providing them with specific goals they had to attain in order to be granted a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed its initial petition to institute abuse and neglect proceedings against petitioners, alleging that the parents failed to supply the children with the necessary food, clothing, shelter, supervision, medical care, or education. Specifically, the DHHR stated that petitioners and their children were found in the home of a known manufacturer of methamphetamines, without heat, where drug paraphernalia was found.[2] The DHHR also stated that petitioners evaded Child Protective Services ("CPS") workers. Prior to the filing of the instant petition, the DHHR had offered the family numerous services such as adult life skills classes; parenting classes; economic services; drug screening; Women, Infants, and Children benefits; transportation services; and safety and supervision services.

---

[1]Petitioner Mother is the biological mother of all four children. The circuit court terminated her parental and custodial rights to these children. Petitioner Father is the biological father of S.C. and A.C. only, and the circuit court terminated his parental and custodial rights to those children.

[2]It is unclear whether the children were residing in the home, and the duration of the stay cannot be determined from the appendix record.

1

On January 14, 2013, the circuit court held an adjudicatory hearing, during which petitioners stipulated that the children were found in the home of a known manufacturer of methamphetamines, who is the subject of pending abuse and neglect cases; the residence did not have heat; the children were located in a room in the house where drug paraphernalia was found; petitioners did not have the ability to heat their own home; petitioners frequently moved in an effort to evade CPS; the children were filthy and smelled "bad"; and J.S. had missed fifteen days of school since September 18, 2012. The circuit court accepted petitioners' stipulated adjudication and ruled that the children were abused and neglected. In March of 2013, the circuit court terminated petitioners' parental and custodial rights to the children. The circuit court found that petitioners failed to participate in services since October of 2012, failed to maintain contact with the DHHR, and did not participate in the development of a case plan. It is from this order that petitioners appeal.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, petitioners argue that the circuit court denied them a post-adjudicatory improvement period. Petitioners state that the following language found in the circuit court's order was an effective denial of a post-adjudicatory improvement period:

The State further advised the [circuit court that] neither the State nor the Guardian Ad Litem were recommending an Improvement Period, however, should the adult respondents participate in services and show a sign of progress between now and disposition, the State and the Guardian Ad Litem may recommend a Post-Dispositional Improvement Period.

2

We find that the circuit court did not deny petitioners a post-adjudicatory improvement period. Neither this, nor any language in the circuit court's orders that have been included in the appendix record, conveys a denial of a post-adjudicatory improvement period.

Petitioners further argue that the circuit court should have specified what steps they needed to achieve in order to be granted a post-dispositional improvement period and that without the circuit court's guidance, it was impossible for them to obtain a post-dispositional improvement period.[3] Upon our review, the Court finds no error in the circuit court's termination of petitioners' parental and custodial rights without granting an improvement period. West Virginia Code § 49-6-12(c) grants circuit courts discretion in granting post-dispositional improvement periods after certain conditions are met. Circuit courts may grant a post-dispositional improvement period when "[t]he respondent moves in writing for the improvement period." *W.Va. Code* § 49-6-12(c)(1). The record in this matter clearly shows that petitioners did not file a motion for a post-adjudicatory improvement period, though that responsibility is clearly theirs under the statute. Petitioners' appellate counsels acknowledge that prior counsel did not file a written motion for an improvement period. As such, petitioners failed to satisfy their initial burden.

Petitioners argue, however, that they were never given an opportunity to file a written motion prior to the entry of the circuit court order. We disagree. There is no evidence in the appendix record that they were affirmatively prevented or denied the opportunity to file a written motion for an improvement period. Petitioners counsel could have filed a written motion for an improvement period at any time after the initial petition was filed in November of 2012, until the dispositional hearing in February of 2013, yet they failed to do so.[4]

Furthermore, West Virginia Code § 49-6-12(c) grants circuit courts discretion in granting post-disposition improvement periods only upon a showing that the parents will fully participate in the same. The record in this matter supports the circuit court's termination because petitioners failed to show, by clear and convincing evidence, that they would fully comply with the terms of a post-dispositional improvement period.

While it is true that petitioners fixed two windows in the home, patched holes in the floor, repaired the plumbing, and bagged up trash to take to the dump, the record also shows that petitioners failed to attend a multi-disciplinary team meeting and failed to participate in the

[3]Petitioners argue that they are entitled to this improvement period because they have made progress since the adjudicatory hearing by fixing two windows in their home, fixing the holes in the floor of the home, fixing the plumbing, and bagging up trash to take to the dump.

[4]Petitioners' appellate counsel did not represent either party in the underlying proceedings.

development of a case plan. This illustrates that petitioners failed to show by clear and convincing evidence that they would fully comply with the terms of an improvement period. "We have held that the granting of an improvement period is within the circuit court's discretion." *In re Tonjia M.,* 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002). For these reasons, the Court finds no error in terminating petitioners' parental and custodial rights without granting them an improvement period.

Finally, as to the termination of petitioners' parental and custodial rights, the Court finds no error. The children were found in the house of a known drug dealer where methamphetamines were regularly manufactured and Petitioners have failed to benefit from several years of services. The record supports the circuit court's decision to terminate petitioners' parental and custodial rights. As the circuit court noted, petitioners "failed to attend or participated in the [multi-disciplinary team meeting] and therefore did not participate in the development of a reasonable family case plan." Based upon this evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future and that termination was in the children's best interest. As set forth in West Virginia Code § 49-6-5(b)(2), such conditions exist in situations when "[t]he abusing parent or parents have willfully refused or are presently unwilling to cooperate in the development of a reasonable family case plan." Pursuant to West Virginia Code 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 25, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II